

# IN AND FOR THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT

In re

Mr. Derrick Wayne Stith Sr.                    )

              Petitioner,             )

v.                                             )
                                        )

State of Oklahoma ex rel.                      )

              Respondent.           )

FILED

DEC 0 2 2021

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

**21 CV - 5 2 0 TCK - CDL**

CF-2018-2243

## EXTRAORDINARY WRIT OF PROHIBITION

## *Fed. R. App. P. 21*

COMES NOW, Respondent, Mr. Stith, pro se, moves this court to mandate abrogation to dismiss this pending expired action, this action was received by Tulsa County District Attorney Office (6) six years ago, the state filed this action over (3) three years ago and failed to prosecute within the (3) three-year statute of limitations under statutory commandment <u>22 Okl. St. § 152 (H)</u>, this prohibition is adequate due to the prosecutorial delay, that violated petitioner's Sixth Amendment right to a Speedy Trial.

## STATEMENT OF CASE

*1.* ADA Elmore filed Felony Information on approx. 06/01/18, this case was re-filed from 2015 see (Ex. 2 Criminal Felony Information CF-2015-2939 filed 06/11/15), this action was obtained by the Tulsa Police Dept. and distributed to the Tulsa County District Attorney's Office on 06/04/15 and has been currently pending over (6) six years. The state failed to prosecute the case within (3) three years on 06/01/21, this exceeds the statute of limitations under <u>22 Okl. St.</u>



§ 152(H), ADA Elmore is compelled to refrain from prosecuting. The petitioner does not request any oral argument in this prohibition, petitioner filed a writ of Mandamus on 10/12/21 and Tulsa County public officials refuses to grant petitioner relief constituting inadequacy in the jurisdiction of Tulsa County, the adequacy of relief in the Tenth Circuit will prevent a violation of petitioner's Sixth Amendment right to a speedy trial. The Oklahoma Court of Criminal Appeals denied petitioner's writs because counsel refused to certify arguments for jurisdiction. See (Ex. 42 Extraordinary Writ of Prohibition filed 03/09/21) (Ex. 42 Order denying Extraordinary Relief filed 3/22/21) (Ex. 44 Alternative Writ of Prohibition filed 07/20/21) (Ex. 44 Order Denying Extraordinary Relief 08/04/21) (Ex. 45 Extraordinary Writ of Mandamus filed 07/20/21) (Ex. 45 Order Denying Extraordinary Relief 08/04/21) (Ex. 46 Extraordinary Peremptory Writ of Prohibition filed 08/10/21) (Ex. 46 Order Declining Jurisdiction of Petitioners Application for Extraordinary Relief filed 08/19/21)

## JURISDICTIONAL STATEMENT OF CASE AND FACTS

### Fed. R. App. P. 28 and 28.1

1. This action was filed 06/11/15 and allegedly occurred on 06/04/15. See (Ex. 2 Criminal Felony Information CF-2015-2939 filed 06/11/15);

2. The state dismissed the action at preliminary on 10/06/15 see (Ex. 2 CF-2015-2939 at 1 and 5);

3. The state re-filed the above style case approx. (3) three days before the (3) three-year statute of limitation policy see (Ex. 2 CF-2015-2939 at 1 and 5) (Ex. 3 CF-2018-2243 OSCN at 1-5), preliminary hearing was scheduled on 7/5/18 a month prior to the filing an arraignment on approx. 6/1/18. This action expired on 06/01/21, but before this expiration ADA Elmore appeared at the scheduled preliminary on 7/5/18 and failed to file or present the requisites to continue such action see (Ex. 7 Motion To Dismiss filed 07/06/18 at 2-3), ADA Elmore verbally asked for a continuance because he failed to locate such witnesses, extracting omission to any lawful continuance authorized by law failing to state specifics about when and where

these witnesses will appear; Special Judge James Keeley committed error authorizing the continuance that formulated the omission to statutory policy 12 Okl. St. § 668. The statute commands the party requesting such continuance to produce an affidavit in good-faith, that policy was grossly neglected by ADA Elmore and Special Judge Keeley which is a violation of the XIV Amendment Due Process and arbitrary power towards Mr. Stith, it is fair to suggest that prejudice harmonized with zeal has synchronized to suppress Oklahoma's legislative policy and Mr. Stith's rights of protection In re to oppression. The courts has transferred this unwarranted jurisdiction to 8/23/18 where examination transpired, Mr. Stith was then unlawfully bound over by Judge Keeley at the following proceeding, this unauthorized act violated legislative commandments and extracted a constitutional injury to Mr. Stith, Judge James Keeley overruled petitioner's speedy trial objection. See (Ex. 3 CF-2018-2243 Preliminary Docket Sheet at 8).

**4.   12 Okl. St. § 668. Procedure for Motion for Continuance:**

A motion for a continuance, on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true. If thereupon, the adverse party will consent that on the trial the facts, alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, **no continuance shall be granted on the ground of the absence of such evidence.**

Judge Keeley failed to uphold the policy listed above exceeding the equal protection clause.

**14th Amendment of the Constitution of the United States.**

"No State shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law."

5.  The legislator's choice of the word "shall' is highly significant. It is usually given the meaning of "must", and is interpreted as implying a command or mandate. *Sneed v. Sneed, 585 P.2d 1363(Okl.1978).*

6.  The legislator excluded the idea of discretion using the word "shall'. *Sneed v. Sneed, 585 P.2d 1363 (Okl.1978)*, the legislators intended that the U.S. and Okla. Const. is protected especially in due process insurance, that is why the legislation commanded the party to make the affidavit application for continuance under *12 Okl. St. § 668* when the party is looking to delay proceedings it has to be sworn in the application of an affidavit only, the prosecutor failed to follow these commands this compelled the courts to forfeit subject-matter jurisdiction.

7.  ADA Elmore re-filed this felony information on 06/01/18 three (3) days before the (3) three-year statute of limitation abrogation on 06/04/18; see (Ex. 2 CF-2015-2939 at 1 and 5).

8.  The first scheduled preliminary was set on 07/05/18 and ADA Elmore failed to file affidavit stating grounds for continuance and unlawfully requested the continuance verbally failing to state when such witnesses will appear and where such witnesses was located violating 12 Okl. St. § 668, Judge James Keeley committed reversible error allowing such continuance not mandated by law. (Ex. 7 Motion To Dismiss filed 07/06/18 at 2-3)

9.  On 06/03/19 Mr. Stith places this prohibition in the exclusive jurisdiction of this court because of statutory policy *22 Okl. St. § 812.1* was defaulted by the courts violating petitioner's Sixth Amendment rights, this statute in an administrative steps to take notice to conduct a speedy trial protection review and the courts lost all prior discretion once the action of Mr. Stith reached (1) year according to *22 Okl. St. § 812.1.* The courts failed to issue notice and abolished subject-matter jurisdiction to discuss cause for the delay provided in *22 Okl. St. § 812.2*, "such an abuse would include a district court's clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S. C.t 2447 (1990);*
    Mr. Stith was not given the mandatory hearing provided by legislators to ensure Stith's speedy trial rights, the court carries the jurisdiction to compel, protect, produce notice, review, and hearing under *22 Okl. St. § 812.1* and *22 Okl. St. § 812.2*. Mr. Stith has filed a speedy trial motion 10/15/19, and this was approaching (2) years without a non-discretionary review for due process under *22 Okl. St. § 812.1* and *22 Okl. St. § 812.2*, on these grounds the courts lost jurisdiction to even discuss a review for laches and to prosecute and try Mr. Stith on such unauthorized information due to the gross negligence of speedy trial safeguards. see (Ex. 13 Motion for Speedy Trial filed 10/15/19) (Ex. 3 CF-2018-2243 OSCN at 10).

10. Petitioner filed a motion to require appearance at all proceedings. See (Ex. 9 Motion to Require Presence at All Hearings filed 10/15/19)

11. On 11/12/19 defense counsel Jack Gordon involuntarily waived petitioner's appearance and initiates a conspiracy for a determination of competency alleging that petitioner is hyper-focused on a defense and refuses mitigation. See (Ex. 3 CF-2018-2243 OSCN at 11) (Ex. 10 App. To Determine Comp. filed 12/18/19)

12. Petitioner filed another instrument to compel petitioner's appearance. See (Ex. 8 Affidavit of Notice filed 11/22/19)

13. Petitioner and Judge Holmes argue with counsel about petitioner has no need for an evaluation and petitioner refuses to be evaluated because petitioner is hyper-focused on a defense. (Ex. 3 CF-2018-2243 OSCN at 12) (Ex. 10 App. To Determine Comp. filed 12/18/19)

14. On 06/10/20 Judge Holmes failed to enforce the non-discretionary speedy trial hearing under 22 Okl. St. § 812.1 see (Ex. 3 CF-2018-2243 OSCN at 13).

15. Petitioner refused to be re-scheduled and instructs the court not to change 01/11/21 trial date. See (Ex. 4 October 22nd, 2020 DCA Status Hearing Tr. At 24:9-15) (Petitioner) (Holmes)

16. ADA Elmore does not give any specified time to delay trial on 01/11/21 because Elmore expressed that more investigating has to be performed after three (3) years of petitioner's incarceration violating the petitioners Sixth Amendment right to a speedy trial. See (Ex. 4 October 22nd, 2020 DCA Status Hearing Tr. At 27:8-25) (Holmes)

17. Petitioner's defense counsel Corbin Brewster objects to the state failing to prosecute with due diligence after (3) three years of incarceration and failing to produce evidence after multiple discovery request that has been pending for (2) two years. See (Ex. 5 November 9th, 2020 DCA Status Hearing Tr. At 5:5-25) (Brewster)

18. ADA Elmore claimed to have only one discovery issue endorsing an expert witness and stated that evidence will be ready by the end of next week from this 11/13/20 proceeding. Elmore confessed that discovery is complete besides endorsing a qualified expert witness that will be found in approx. a week. See (Ex. 6 November 13th, 2020 DCA Status Hearing Tr. At 3:5-20) (Elmore)

19. Petitioner demands trial again at the end of December term of court see (Ex. 14 Motion for Speedy Trial filed 12/29/20)

20. Petitioner demands dismissal of charges by filing motion on 01/22/21 for Judge Holmes failing to enforce 22 Okl. St. § 812.1 within one (1) year after arrest. See (Ex. 12 Motion to Dismiss filed 01/22/21)

21. Petitioner has hearing on speedy trial, Holmes overrules petitioner counsel under Barker v. Wingo stare decisis, and Judge Holmes strikes the 05/10/21 trial ex parte and does not set another date; Petitioner demanded trial multiple times before this speedy trial proceeding on 05/07/21 that got overruled without cause. See (Ex. 2 OSCN CF-2018-2243 Speedy Trial Hearing 05/07/21 at 21)

22. The action reached the (3) three-year statute of limitation abrogation command under 22 Okl. St. § 152(H) on 06/01/21.

23. Petitioner filed Bar Complaint on conflict counsel Brian Aspan for failing to object at 05/07/21 speedy trial hearing w/ 22 Okl. St. § 812.1 commandment to prohibit further unwarranted jurisdiction that exceeds the petitioner's Sixth Amendment right to a speedy trial. (Ex. 11 Bar Complaint filed 08/06/21)

24. Petitioner demands trial in the August term of court. See (Ex. 15 Motion for Speedy Trial filed 08/10/21)

25. Petitioner files another motion demanding trial. See (Ex. 16 Motion for Speedy Trial filed 08/20/21)

26. Petitioner moved to disqualify Judge Sharon Holmes for failing to protect speedy trial and other unconstitutional acts declared in petition. See (Ex. 17 Motion to Disqualify Judge Sharon Holmes filed 09/08/21) (Ex. 3 CF-2018-2243 OSCN at 24)

27. Petitioner demands trial at the next term of court or dismissal of action. See (Ex. 18 Motion for Speedy Trial filed 09/22/21) (Ex. 19 Motion for Speedy Trial filed 09/30/21)

28. Petitioner objects declaring the state's statute of limitations expired and demands dismissal. See (Ex. 3 CF-2018-2243 OSCN 10/06/21 DCA Status Hearing at 25)

29. ADA Elmore attempted to object Mr. Stith's verbal objection for the failure to prosecute within three (3) year statute of limitation on 10/06/21;

30. Petitioner files writ of Mandamus for dismissal for exceeding the (3) three-year statute of limitations. (Ex. 20 Writ of Mandamus filed 10/12/21)

### *Sham Competency Conspiracy and Former Defense Counsel's Apology for Unlawful Acts Caused Additional Delay Violating Petitioner's Right to A Speedy Trial:*

1. ADA Elmore expressed on record that petitioner filed a valid waiver of mitigation on 08/05/19, in this same declaration petitioner demands trial for the third subsequent time before Covid-19 initiated. See (Ex. 20 Sept. 29th, 2020 DCA Tr. At 29:16-24; 59:11-21) (Elmore) (Rayl) (Holmes) (Ex. 21 Declaration filed 08/05/19)

2. Petitioner filed the right to a speedy trial on 10/15/19 approx. (2) months after refusal of mitigation. (Ex. 13 Motion for Speedy Trial filed 10/15/19), petitioner, appearance was waived after demanding to appear at every proceeding, this transpired on 11/12/19, Jack Gordon initiated a conspiracy with the state of Oklahoma violating 18 U.S.C.S § 241.

3. The indigent defense public officials listed herein manifested fictional competency issues ex parte of petitioner, Gordon conspired this action a month after petitioner demanded trial and to appear at every court proceeding, exactly two (2) months after petitioner filed Declaration demanding trial and refusing mitigation. (Ex. 9 Motion to Require Presence at All Hearings filed 10/15/19) (Ex. 13 Motion for Speedy Trial filed 10/15/19) (Ex. 21 Declaration filed 08/05/19) (Ex. 20 Sept. 29th, 2020 DCA Tr. At 6:15-25) (Gordon)

4. This conspiracy initiated by Gordon on 11/12/19 ex parte of petitioner was passed to 12/16/19, where petitioner personally appeared and objected to mitigation and evaluation. Holmes argued with petitioner's counsel Rayl regarding petitioner's competency, Holmes eventually overruled petitioner's objection to being evaluated, and allowed Rayl to advance in the competency conspiracy that delayed petitioner's trial, this was initiated on the grounds of petitioner being hyper-focused on a defense and refusing mitigation, this collusion violated 18 U.S.C.S § 241. (Ex. 3 CF-2018-2243 OSCN at 11-12) (Ex. 10 App. To Determine Comp. filed 12/18/19)

5. At the 09/29/20 DCA, petitioner's counsel Gordon stated that petitioner should and will get convicted, and confessed that speedy trial was an issue because petitioner is demanding trial,

and Gordon stated that caused a dilemma with petitioner's demand for speedy trial under the Sixth Amendment. (Ex. 20 Sept. 29th, 2020 DCA Tr. At 6:17-25; 7:1-4; 8:15-25) (Gordon)

6.  Indigent counsel Rayl refused to adopt discovery request and denied petitioner the right to endorse police officers who engrafted the action against petitioner. (Ex. 20 Sept. 29th, 2020 DCA Tr. At 56:1-25; 57:1-10; 57:14-17) (Rayl) (Holmes) (Petitioner)

7.  Holmes declared conflict between petitioner and P.D. Rayl and Gordon. (Ex. 20 Sept. 29th, 2020 DCA Tr. At 66:1-22) (Holmes)

8.  Gordon confesses to collusion at 11/13/20 DCA, stating petitioner filed motions to waive mitigation, Gordon stated that petitioner filed bar complaint that Gordon had to pay a $1,000.00 in response fee's, and Gordon confessed that is where the problems begin to start personally. (Ex. 6 Nov. 13th, 2020 In camera Tr. At 11:2-14; 12:15-24; 13:3-19: 14:2-13)

9.  Petitioner and Judge Holmes construes Gordon's apology and unlawful methods. (Ex. 6 Nov. 13th, 2020 In camera Tr. At 14:2-13; 14;15-25; 15:1-25; 16:1-25; 17:1-25; 19:3-25; 20:1-25)

10. **18 U.S.C. § 241 - Conspiracy against Rights**:

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;

11. The Oklahoma Court of Criminal Appeals denied petitioner's writs because counsel refused to certify arguments for jurisdiction. See (Ex. 42 Extraordinary Writ of Prohibition filed 03/09/21) (Ex. 42 Order denying Extraordinary Relief filed 3/22/21) (Ex. 44 Alternative Writ of Prohibition filed 07/20/21) (Ex. 44 Order Denying Extraordinary Relief 08/04/21) (Ex. 45 Extraordinary Writ of Mandamus filed 07/20/21) (Ex. 45 Order Denying Extraordinary Relief

08/04/21) (Ex. 46 Extraordinary Peremptory Writ of Prohibition filed 08/10/21) (Ex. 46 Order Declining Jurisdiction of Petitioners Application for Extraordinary Relief filed 08/19/21)

12. "We do not hold that there may never be a situation in which an indictment be dismissed on speedy trial grounds where the defendant has failed to object to continuances. There may be situation in which the defendant was represented by incompetent counsel, was severely prejudiced, or **even cases in which the continuances were granted ex parte**." *Barker v. Wingo, 407 U.S. at 537.*

### *The Trial Courts Power was Abrogated by the Limitations under Statutory Commandments:*

1. The petitioner's pending action was filed on 06/01/18, this felony criminal information was filed on the day Mr. Stith was three (3) days before the three (3) year expiration abrogation, the information complained was on 06/04/15, ADA Elmore stated this on record in preliminary. See (Ex.1 Prelim 08/23/18 Tr. At 4:3-25; 5:1-25; 6:1-25); (Judge James Keeley; ADA Elmore; PD Hill).

2. Mr. Stith is currently incarcerated from criminal information dated back on the 4th of June, 2015, and filed on June 1st, 2018; this case was abrogated by the (3) three-year statute of limitations under 22 Okl. St. § 152(H), on June 1st, 2021.

3. Mr. Stith is currently scheduled for a 2021 term of court in October, over (120) days of the three-year statute of limitations, this pending action has expired and abrogated by Oklahoma Legislation.

4. "A democratic society, in which respect for the dignity of all men is central, naturally guards against the misuse of the law enforcement process. Zeal in tracking down crime is not in itself an assurance of soberness of judgment. Disinterestedness in law enforcement does not alone prevent disregard of cherished liberties. Experience has therefore counseled that safeguards must be provided against the dangers of the overzealous as well as the despotic. The awful instruments of the criminal law cannot be entrusted to a single functionary. The complicated

process of criminal justice is therefore divided into different parts, responsibility for which is separately vested in the various participants upon whom the criminal law relies for its vindication." McNabb v. United States, 318 U.S. 332, 343 (1943).

5.  In Gowler v. State, 589 P. 2d 682-88 (1978), it stated the following:

If, on the other hand, a statute of limitations is construed as imposing a jurisdictional limit on the State's power to prosecute a criminal case, or concomitantly, on a trial court's power to hear the case, a statute of limitations challenge may be raised for the first time on direct or certiorari review. See Bowen v. State, 1972 OK CR 146, 8, 497 P. 2d 1094, 1097.

6.  In United States v. Cooper, 956 F.2d 960-64 (10th Cir.1992), it states:

The preceding authority is not persuasive for a more important reason, however. Despite the holdings in other circuits, the law of this circuit is that the statute of limitations is a bar to prosecution. Waters v. United States, 328 F.2d 739, 743 (10th Cir. 1964). Although Waters has been questioned by other courts, see Arky, 938 F.2d at 582, it has never been overruled by our en banc court. Some, including the district court in this instance, have suggested the Waters holding was abandoned by the court in Gallup, but we see no basis for that conclusion.

First, one panel of this court cannot overrule the holding of another panel. Second, and more importantly, Gallup does not deal with the issue of whether the statute of limitations is a bar to prosecution of a substantive offense. Indeed, the only statute of limitations issue considered by Gallup was whether, in a conspiracy case, the government had to prove an overt act charged in the indictment was committed before the limitation expired. The court held the defendant had waived the issue by failing to raise it in the district court. That ruling did not touch upon the Waters holding that the substantive offense could not be prosecuted if it was not filed before expiration of the limitation period.

7.  This Court's early Jurisprudence provides guidance here and points to the approach taken by the Tenth Circuit in United States v. Cooper, 956 F.2d 960-64 (10th Cir.1992) as being the correct path.

8.  In syllabus to <u>State v. Fulkerson, 16 Okl. Cr. 250, 182 P. 725 (1919)</u>, this court held that a statute of limitations abrogates the right of the state to try and punish criminal offenses at its discretion. When so viewed, a statute of limitations constrains the reach of the State's power to prosecute and punish. It is therefore jurisdictional.

9.  In <u>Ex Parte Cameron, 97 Okl. Cr. 81, 258 P. 2d 208</u>, it expressed:

    "It was apparent that the charge or charges had become barred by the three year statute of limitations under <u>22 Okl. St. § 152(H)</u>" (Statute omitted) (Emphasis added).

10. In <u>Jarrett v. State, supra, 49 Okl. Cr. 162, 292 P. 890</u>, and other cases, this court has said that in order to toll the running of the statute of limitations the charges must be filed with the magistrate in good faith and a warrant issued within the period allowed. And it has further stated that the prosecution means not simply the filing of the preliminary complaint, but the continuous following up, through instrumentalities created by law, of the person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused.

11. The Oklahoma Court of Criminal Appeals declared that the statute of limitations, is abrogating to filing a case or timely adjudicating the action with guilt or innocence. The court in <u>Inverarity v. Zumwalt, 97 Okl. Cr. 294, 262 P. 2d 725, 729</u>, stated:

    "For all the record showed, the charge may have been barred at the time of filing or <u>else at the letter the state might have been without evidence to prove the charge</u>."

***Arguments and Authority***

**A1.**   ***ADA Kenneth Elmore Failed to Adjudicate the Action before Abrogation was Compelled:***

1.  On 8/27/18 Judge Holmes consolidated both cases listed above over petitioner's objection delaying trial. (Ex. 1 CF-2017-6158 OSCN Aug. 27th, 2018 at 5)

2.  The State originally obtained this action on 06/04/2015 see (Ex. 2 OSCN CF-2015-2939) and re-filed the complaint on 06/01/2018 see (Ex. 3 OSCN CF-2018-2243), this action was originally dismissed in preliminary see (Ex. 2 OSCN CF-2015-2939 pg. 2-3) on October 6th, 2015. The Tulsa County District Attorney Office waited (3) three days before the (3) three-year limitations, ADA Elmore filed the action on 06/01/2018 pressing towards the (3) three-year window for expiration on 06/04/2018, ADA Elmore failed to file action in good faith because petitioner has not been tried on a complaint that the state has withheld in the Tulsa County District Attorney Office over (6) six years amounting to (2,326) days without any adjudication. The Tulsa County District Attorney Office reached the abrogating statute of limitations from the 06/01/18 through 06/01/21 process. The petitioner Mr. Stith is currently incarcerated and the state has scheduled January 2022 term of court on this expired action, this action has been pending (1,237) days, over (3) three years and the state has not tried this action within (3) three years, ADA Elmore had the opportunity to dismiss the action before 06/01/21 and re-filed the case which would be the same strategy that ADA Elmore did in 2018 before the limitation abrogation violating the following listed below:

1.    **21 Okl. St. § 544 - Compounding or Delaying Prosecution:**

**Every person** who takes any money or property of another, or any gratuity or reward, or any engagement or promise therefor, **upon any agreement** or **understanding**, express or implied, to compound, discontinue or **delay any prosecution then pending for any crime or violation of statute**, or to withhold any evidence in aid thereof, is **guilty of a misdemeanor**.

13

2. ADA Elmore delayed this prosecution beyond (3) three years it was numerous terms of court where Elmore did not demand trial, this process is completely void and the Tulsa County District Attorney's Office is practicing unwarranted jurisdiction since June 1st, 2021. (Ex. 10 OSCN CF-2018-2243 at 1);

3. Thus, we reject the Government's argument that the effect of delay on adjudicative accuracy is exclusively a matter for consideration under the Due Process Clause. We leave intact our earlier observation, see United States v. MacDonald, 456 U. S. 1, 7 (1982), that a defendant may invoke due process to challenge delay both before and after official accusation.

4. ADA Elmore filed the action on 06/01/2018 pressing towards the (3) three-year window for expiration on 06/04/2018, ADA Elmore failed to file action in good faith because petitioner has not been tried on a complaint that the state has withheld in the Tulsa County District Attorney Office over (6) six years amounting to over (2,300) days without any adjudication for CF-2018-2243.

5. The Oklahoma Court of Criminal Appeals spoke on this exact issue in Wilson v. District Court of Oklahoma County, 471 P. 2d 939, 942 (Okla. Crim. App. 1970) (Internal citations omitted). In Wilson, the court found that the speedy trial analysis in Oklahoma is similar to those factors discussed in Doggett v. United States.

The Factors for a Speedy Trial analysis are:

    a. The length of delay;
    b. Reason for delay;
    c. Assertion of right;
    d. Prejudice to the defendant

6. **Factor #1 Length of Delay**

The Doggett Court noted that post-accusation delay is generally found to be "presumptively prejudicial," at least as the delay approaches one year. See *Doggett v. United States, 505 U.S. at 652 fn.1 (emphasis added).*

7. **Factor #2 Reason for Delay**

"The Doggett Court found that the government's failure to pursue Mr. Doggett was government negligence was enough to dismiss the case." See *Doggett v. United States, 505 U.S. at 652-652.*

8. **Factor #3 Assertion of Speedy Trial Right**

Petitioner invoked the Sixth Amendment and Oklahoma Constitutional right to a speedy trial. See (Ex. 2 OSCN CF-2018-2243 at 11) (Ex. 13 Motion for Speedy Trial filed 10/15/19) the case of Doggett has similar circumstances. In Doggett, there was no evidence indicating that Mr. Doggett knew of an indictment, said the court, Mr. Doggett was "not to be taxed for invoking his speedy trial only after his arrest." See Doggett v. United States, 505 U.S. at 654. Mr. Stith invoked such right before the first scheduled trial date, petitioner never requested any continuance to delay trial, majority of continuances petitioner was ex parte because petitioner's appearance was involuntarily waived (7) seven times at the following proceedings 05/09/18, 06/12/18, 04/29/19, 08/2619, 11/12/19, 05/05/21, 09/20/21,  See (Ex. 2 OSCN CF-2018-2243 at 1-14)

9. **Factor #4 Prejudice to the Petitioner**

In Doggett, the Supreme Court recognized that, generally, a delay that approaches one year is presumptively prejudicial. Doggett v. United States, 505 U.S. at 647-652; The primary point of contention in that case was the government's claim that no speedy trial violation had occurred because Mr. Doggett had not shown "precisely how he was prejudiced by the delay between his

indictment and trial." Doggett v. United States, 505 U.S. at 654; The Court responded by holding that impairment of the accused's ability to effectively defend oneself is the "most serious" form of prejudice, as it "skews the fairness of the entire system." Doggett v. United States, 505 U.S. at 654. Further, noted the court, the impairment of the ability to defend oneself is the "most difficult form of speedy trial prejudice to prove,"… Doggett v. United States, 505 U.S. at 654. Thus, said the court, Mr. Doggett was entitled to a dismissal of charges, as the delay itself was great enough to constitute prejudice. Doggett v. United States, 505 U.S. at 654.

10.  In Klopfer v. North Carolina, supra, the United States Supreme Court found the defendant need show no prejudice to prevail on his assertion that he had been denied the right to a speedy trial. Also see: United States v. Banks, 370 F.2d 141, 145 (4th Cir., 1966). Several courts have ruled that a delay might be so substantial as to be prima facie prejudicial. United States v. Lustman, 258 F.2d 475, 478 (2nd Cir., 1958), cert. denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109. United States v. Simmons, 338 F.2d 804 (2nd Cir., 1964). Olson v. State, 92 Idaho 873, 452 P.2d 764 (1969). We find no rule as to what number of years or period of time would automatically require dismissal of pending criminal charges. Some jurisdictions have held four years delay while accused was incarcerated to be denial of constitutional right of speedy trial1 while others have held 15 months delay too long.

11.  The Doggett found that the government's failure to pursue Mr. Doggett was government negligence and that negligence was enough to dismiss the case. Doggett v. United States, 505 U.S. at 652-53.

12.  Thus, this unusual case presents the question whether, independent of these core concerns, the Speedy Trial Clause protects an accused from two additional harms: (1) prejudice to his ability to defend himself caused by the passage of time; and (2) disruption of his life years after the alleged commission of his crime. The Court today proclaims that the first of these additional harms is indeed an independent concern of the Clause, and on that basis compels reversal of Doggett's conviction and outright dismissal of the indictment against him. Doggett v. United States, 505 U.S. at 660.

13. "The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." United States v. MacDonald, 456 U. S. 1,8 (1982). Thus, "when defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause." United States v. Loud Hawk, 474 U. S. at 312 (1986).

14. Just because the Speedy Trial Clause does not independently protect against prejudice to the defense does not, of course, mean that a defendant is utterly unprotected in this regard. To the contrary, "'the applicable statute of limitations ... is ... the primary guarantee against bringing overly stale criminal charges,'" Marion, 404 U. S., at 322 (quoting Ewell, 383 U. S., at 122).

15. These statutes "represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice; they 'are made for the repose of society and the protection of those who may [during the limitation] ... have lost their means of defence.'" Marion v. United States, 404 U. S., at 322 (quoting Public Schools v. Walker, 9 Wall. 282, 288 (1870)). Because such statutes are fixed by the legislature and not decreed by our summary reversal in Moore v. Arizona, 414 U. S. 25 (1973) (per curiam), is not to the contrary. The petitioner there was tried for murder in Arizona "[a]lmost three years after he was charged and 28 months after he first demanded that Arizona either extradite him from California, where he was serving a prison term, or drop a detainer against him." The Arizona Supreme Court denied him speedy trial relief on the ground that "a showing of prejudice to the defense at trial was essential to establish a federal speedy trial claim." We rejected that reasoning, emphasizing the contextual nature of the speedy trial analysis set forth in Barker v. Wingo, 407 U. S. 514 (1972).

16. Furthermore, the Due Process Clause always protects defendants against fundamentally unfair treatment by the government in criminal proceedings. See United States v. Lovasco, 431 U. S. 783 (1977). As we explained in Marion, "the Due Process Clause ... would require dismissal of [an] indictment if it were shown at trial that [a] delay ... caused substantial prejudice to [a defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." Marion v. United States, 404 U. S., at 324. See also MacDonald,

456 U. S., at 8 ("The Sixth Amendment right to a speedy trial is ... not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations").

17. That is not to deny that our legal system has long recognized the value of repose, both to the individual and to society. But that recognition finds expression not in the sweeping commands of the Constitution, or in the common law, but in any number of specific statutes of limitations enacted by the federal and state legislatures. Such statutes not only protect a defendant from prejudice to his defense (as discussed above), but also balance his interest in repose against society's interest in the apprehension and punishment of criminals. Cf. Toussie v. United States, 397 U. S. 112, 114115 (1970). In general, the graver the offense, the longer the limitations period; indeed, many serious offenses, such as murder, typically carry no limitations period at all. See, e. g., Note, The Statute of Limitations in Criminal Law: A Penetrable Barrier to Prosecution, 102 U. Pa. L. Rev. 630, 652-653 (1954) (comparing state statutes of limitations for various crimes); Uelmen, Making Sense out of the California Criminal Statute of Limitations, 15 Pac. L. J. 35, 76-79 (1983) (same). These statutes refute the notion that our society ever has recognized any general right of criminals to repose.

**A2.** *The Non-Discretionary Speedy Trial Statute is a Direct Ramification of the United States Sixth Amendment Right to A Speedy Trial that was Neglected for Over (3) Three Years:*

1. Missouri, Kansas & Texas R. Co. v. May, 194 U. S. 267, 194 U. S. 270 (1904). But it must also be recognized that the Bill of Rights is particularly intended to vindicate the interests of the individual in the face of the popular will as expressed in legislative majorities; at the very least, it strikes me as no more appropriate to await express congressional authorization of traditional judicial relief with regard to these legal interests than with respect to interests protected by federal statutes.

2.  The courts failed to enforce the commandment listed below that protects petitioner's vested Sixth Amendment right to a Speedy Trial and governs the State of Oklahoma.

**22 Okl. St. § 812.1. (A) Time Limit to Begin Trial:**

A.  If any person charged with a crime and held in jail solely by reason <u>thereof is not brought to trial within one (1) year after arrest, the court shall set the case for immediate review</u> as provided in Section 2 of this act, <u>to determine if the right of the accused to a speedy trial is being protected.</u>

3.  The statute construes that the court has to take immediate review in any case within (1) one year after the initial arrest, petitioner has been in custody the entire time see (Ex. 3 OSCN CF-2018-2243), the commandment under <u>22 Okl. St. § 812.1. (A)</u> defines the United States Sixth Amendment right to a speedy trial and was omitted the first time on 06/01/19 because the action was filed 06/01/18. Judge Holmes made no effort to mention any hearing for speedy trial under <u>22 Okl. St. § 812.1. (A)</u> well before Covid-19, and the second year was 06/01/20 Judge Holmes nor Elmore mentioned the mandatory hearing to protect vested Sixth Amendment rights nor was there any effort to demand trial by the state because the state was still unprepared. See ADA Elmore claimed to have only one discovery issue endorsing an expert witness and stated that evidence will be ready by the end of next week from this 11/13/20 proceeding.

Elmore confessed that discovery is complete besides endorsing a qualified expert witness that will be found in approx. a week. See (Ex. 6 November 13th, 2020 DCA Status Hearing Tr. At 3:5-20) (Elmore), and the third was 06/01/21 because the 05/07/21 speedy trial hearing that transpired was not in accordance with <u>22 Okl. St. § 812.2. (A)(1)</u> because <u>22 Okl. St. § 812.1. (A)</u> was neglected and not enforced promptly within (1) one year, the <u>22 Okl. St. § 812.2. (A)(1)</u> commandment requires the following:

**22 Okl. St. § 812.2. Time Limit to Begin Trial—Process for Review:**

A.  Whenever the court finds that a case should be reviewed to determine if the right of an accused to a speedy trial is being protected, <u>the court shall</u>:

1. Issue notice to the District Attorney, the accused, and the attorney for the accused that the case will be reviewed by the court at a date and time which is not less than ten (10) days nor

more than twenty (20) days from the date of the notice. Each party shall have the opportunity to present evidence or legal authority in support of its position;

4. Judge Sharon Holmes never issued any notices for this process to be reviewed within (1) one and the case to stand for a hearing on the matter of speedy trial no less than (10) days no more than (20) days for each party to prepare an adequate argument.

5. Mr. Stith places this prohibition in the exclusive jurisdiction of this court because of statutory policy *22 Okl. St. § 812.1* was defaulted by the courts, this statute in an administrative-steps to take notice to conduct a speedy trial protection review and the courts lost all prior discretion once the action of Mr. Stith reached (1) year according to *22 Okl. St. § 812.1.* The courts failed to issue notice and abolished subject-matter jurisdiction to discuss cause for the delay provided in *22 Okl. St. § 812.2*, "such an abuse would include a district court's clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S. C.t 2447 (1990);*

6. Mr. Stith was not given the mandatory hearing provided by legislators to ensure Stith's speedy trial rights, the court carries the jurisdiction to compel, protect, produce notice, review, and hearing under *22 Okl. St. § 812.1* and *22 Okl. St. § 812.2*. Mr. Stith has filed a speedy trial motion 10/15/19, and this was approaching (2) years without a non-discretionary review for due process under *22 Okl. St. § 812.1* and *22 Okl. St. § 812.2*, on these grounds the courts lost jurisdiction to even discuss a review for laches and to prosecute and try Mr. Stith on such unauthorized information due to the gross negligence of speedy trial safeguards.

7. Petitioner demanded trial multiple times and the state no made no effort in the record to enforce these statutory commandments listed above. See (Ex. 4 October 22nd, 2020 DCA Status Hearing Tr. At 24:9-15) (Petitioner) (Holmes) (Ex. 13 Motion for Speedy Trial filed 10/15/19) (Ex. 14 Motion for Speedy Trial filed 12/29/20) (Ex. 15 Motion for Speedy Trial filed 08/10/21) (Ex. 16 Motion for Speedy Trial filed 08/20/21) (Ex. 18 Motion for Speedy Trial filed 09/22/21) (Ex. 19 Motion for Speedy Trial filed 09/30/21).

8. Furthermore, the Due Process Clause always protects defendants against fundamentally unfair treatment by the government in criminal proceedings. See United States v. Lovasco, 431 U. S. 783 (1977).

9. The authorities uniformly hold that statutes are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of constitutional provision.

10. **The Sixth Amendment to the Constitution of the United States provides:**

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."

11. **Art. 2, § 6 [2-6] of the Oklahoma Constitution provides**:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, delay, or prejudice."

12. **Art. 2, § 20 [2-20] of the Constitution of the State of Oklahoma, provides:**

"In all criminal prosecutions the accused shall have the right to a speedy and public trial"

13. **21 American Jurisprudence 2d, § 242, p. 279, Criminal Law, recites the purpose for the right to a speedy trial as follows:**

"The right to a speedy trial is intended to avoid oppression and prevent delay in imposing on the courts and on the prosecution an obligation to proceed with reasonable dispatch. It has been said that the basic policy underlying the constitutional guaranty and the statutes enacted to implement it is to protect the accused from having criminal charges pending against him an undue length of time." (Emphasis added.)

14. **The subsequent section of 21 American Jurisprudence 2d, § 251 provides:**

"In determining whether the constitutional right has been accorded, the question is whether the proceedings were free from vexatious, capricious, and oppressive delays created by the ministers of justice. A defendant's constitutional rights have been denied if he is not brought to

trial within such period of time as is reasonable under the circumstances and the delay is due to neglect or laches of the prosecution or of public officers." (Emphasis added.)

15. **14 American Jurisprudence § 134, p. 859, Criminal Law, states:**

"But if the trial, by reason of the neglect or laches of the prosecution in preparing for it, is delayed beyond such period, when there is a term of court at which it might be had, such delay is a denial to the defendant of his right to a speedy trial."

16. The Supreme Court of Indiana in the case of <u>McGuire v. Wallace, 109 Ind. 284, 10 N.E. 111</u>, while discussing a dismissal for lack of a speedy trial had this to say:

"If the state fails to bring the defendant to trial at the time of the court pointed out by the statute, he is entitled to his discharge, and such a discharge amounts to an acquittal of the offense."

17. Also, see <u>State v. Radoicich, 66 Minn. 294, 69 N.W. 25; Com. v. McBride, 2 Brewst., Pa., 545.</u> A very lengthy and through opinion supporting this line of cases may also be found in <u>State v. Wear, 145 Mo. 162, 46 S.W. 1099</u>, quoting with approval from cases reported from Missouri, Ohio, Indiana, Georgia, and Virginia.

18. It is contended that the variance in the wording of the statutes of various states causes different interpretation as to the finality of the dismissal. However, it appears to your writer that the intent of each of the state's statutes had as its primary purpose to support the Constitution in guaranteeing a speedy trial and to clearly define what constitutes due process as to the time allowed for the prosecution. The language used in Adocks case, <u>Com. v. Adock, 8 Grat. 661, 680, 49 Va. 661, 680</u>, concerning the interpretation of the Virginia statute said:

"The sole object and purpose of all the laws from first to last, was to insure a speedy trial to the accused, and to guard against a protracted imprisonment or harassment by a criminal prosecution, an object but little if any less interesting to the public than to him, and the means, sanctions, or penalties it employed for stimulating prosecutors and officers of the law to diligence in the prosecution was by declaring that the consequence of a failure to indict or try in three terms should operate a discharge from the crime or acquittal." Regardless of the numerous decisions placing emphasis upon the various interpretations to be given the statutes defining a

speedy trial, to your writer it simply means that if the defendant is denied due process by failure to be given a speedy trial as guaranteed under the Constitution, and defined by statute, the prosecution is to be dismissed and the defendant forever discharged.

## CONCLUSION

1. The first scheduled preliminary was set on 07/05/18 and ADA Elmore failed to file affidavit stating grounds for continuance and unlawfully requested the continuance verbally failing to state when such witnesses will appear and where such witnesses was located violating 12 Okl. St. § 668, Judge James Keeley committed reversible error allowing such continuance not mandated by law, can these officials mentioned above exceed legislations authority?

2. ADA Elmore power to punish expired by the three (3) year statute of limitation under 22 Okl. St. § 152(H) on 06/01/21 because the case was filed 06/01/18, does the state get to exceed such limitation which violates petitioner's right to a speedy trial?

3. Judge Sharon Holmes committed error failing to enforce 22 Okl. St. § 812.1 within (1) one year after the initial arrest, can public official Holmes omit speedy trial insurance?

4. Mr. Stith, request this court to dismiss this information w/ prejudice in CF-2018-2243, and the inferiors court unwarranted jurisdiction to restrain and deprive without sufficient due process failing to prosecute and the respondent ask the court dismiss such action with prejudice.

5. The state failed to overrule or grant writ of mandamus exhibit 20 filed 10/12/21, can this jurisdiction grant relief? See (Ex. 3 CF-2018-2243 DCA Hearing on 10/20/21 at 14)

## Certificate of Compliance

This writ contains 7,797 words it does not exceed 7,800 words under the Fed. R. App. P. Rule 21 (c)(1) commandment.

## CERTIFICATE OF MAILING

This is to certify that on this 30 day of November 2021, a true and correct original and 3 copies of the above foregoing writ of prohibition was mailed to the United States District Court Clerk Mark McCartt and the affiant served additional copies to District Judge Sharon Holmes, U.S. Dist. Chief Judge Heil and A.D.A. Kenneth Elmore within and for Tulsa County, State of Oklahoma.

Mr. Derrick Wayne Stith Sr.

300 N.DENVER AVE.

TULSA, OK 74103

Petitioner


**Parties that received writ by mail from Mr. Stith:**

Assistant District Attorney - Kenneth Elmore

500 S. Denver Ave. W. 9th Floor Tulsa, Ok 74103


U.S. District Court Clerk – Mark McCartt

Northern District of Oklahoma

333 W. 4th Street Room #411 Tulsa, Ok 74103


U.S. District Court Chief Judge – Honorable John F. Heil III

Northern District of Oklahoma

333 W. 4th Street Room #411 Tulsa, Ok 74103


Tulsa County District Judge - Sharon Holmes

500 S. Denver Ave. W. 5th Floor Tulsa, Ok 74103